LEWIS    and    another    *v.*    KNOXVILLE    FIRE    INSURANCE
COMPANY.

(*Knoxville.*    October    6th,    1886.)

CHANCERY PLEADING AND PRACTICE.    *Admission in answer.*    *Assignment.*

Where an assignee of an insurance policy, claiming it under general
assignment, and also under special assignment indorsed thereon, files
bill, making the policy a part thereof, and seeks to recover after
loss, against the insurance company; his title to the policy is suffi-
ciently made out, if the company's answer, in its tenor, though not
expressly, concede the assignment to him.; and it is not necessary for
him to produce the general assignment, or other proof of assign-
ment.

---

FROM   LOUDON.

---

Appeal from the Circuit Court of Loudon County.
May Term, 1884.    M. L. HALL, J., sitting by in-
terchange, etc.

HENDERSON & JOUROLMON, and H. H. TAYLOR, for
Complainant.

WEBB & McCLUNG, and WASHBURN & TEMPLETON,
for Defendants.

CALDWELL, J.    The bill alleges that on the 3d day
of December, 1878, the defendant, through its agent,
issued a policy of insurance in the sum of $500, for
the period of one year, to Saul & Co., on their stock

of goods at Loudon, Tenn.; that on the 21st of the same month the goods were destroyed by fire; that, three days after the loss, the assured by general assignment transferred said policy and other property to complainants for the benefit of creditors; that, in addition to said general assignment, Saul & Co. made an assignment on the back of the policy to complainants with the knowledge of defendant's agent.

The policy is exhibited with the bill and made a part of it, and complainants say they will file the general assignment as exhibit to the "bill on or before the hearing, or whenever called for."

The prayer is for recovery upon the policy, etc.

The insurance company answers, admitting, in express terms, the issuance of the policy and the destruction of the goods, or a part of them, and then using this language: "As to the *terms* of the assignment alleged in the bill to have been made by Saul & Co., this respondent knows nothing and admits nothing, but presumes the instrument itself will be the best evidence of its contents."

After these admissions and statements, the insurance company in its answer denies that it owes complainants any amount on account of said policy, and "sets up and relies upon the fact that the loss  *  * was caused by the willful burning of the property mentioned in the bill by one of the insured—to-wit, by one of the *assignors* of the complainants—to-wit, by S. L. Saul, Jr., one of said firm of S. L. Saul & Co.,  *  *  *  with the evil intent to defraud this respondent."

Lewis and another *v.* Knoxville Fire Insurance Company.

In conclusion, respondent states that it is not sufficiently advised to make answer "concerning contracts of insurance made by the *assignors* of complainants" with other insurance companies.

The policy sued upon, with the assignment thereof to complainants indorsed upon its back in due form, and signed by Saul & Co., was made a part of the bill, and is in the record; but the general assignment was not produced, and is not in the record.

The Chancellor heard the cause upon pleadings and the policy of insurance, and, being of the opinion that complainants had failed to show title to the policy, he dismissed the bill. Thereupon complainants brought the cause to this Court by writ of error.

The Honorable Commission of Referees heard the cause, and recomended an affirmance of the decree, upon the ground that complainants failed to establish their title to the policy. Complainants except to the report, and insist that their title to the policy is sufficiently made out.

We think the decree and the report are both erroneous. The bill distinctly alleges the transfer of the policy to complainants by general assignment, and also by indorsement on the back of the policy itself, and the policy is filed with the bill as a part of it.

The answer does not deny or admit the assignment in express words, but it does, in its tenor, concede the assignment. It says ·that respondent "knows nothing and admits nothing  *  *  *  as to the *terms* of the assignment," but "presumes the instrument itself will be the best evidence of its con-

tents," thus recognizing the existence of the assignment itself, but admitting nothing as to *its terms*, which are not known to respondent.

This is not all. In two distinct paragraphs occurring subsequently in the answer, the respondent refers to Saul & Co., the assured, as the " *assignors*" of complainants—not as the *alleged assignors* or the supposed assignors, but as in fact *the assignors of the policy to complainants*.

Then, the least that can be said of the answer on this point is that it impliedly admits the assignment, and concedes complainants to be the owners of the policy.

After this implied admission and this concession, the right of complainants to recover upon the policy is denied, on the ground that the policy was avoided by the fraud of one of the assured in burning the goods himself.

The bill seeks a reference to ascertain the value of the goods destroyed and the proportionate part of the loss to be borne by the policy sued upon, there being concurrent policies in other companies upon the same goods.

The report of the Honorable Commission of Referees will be set aside, the decree of the Chancellor reversed, and the cause remanded for an account and further proceedings.

Respondent will pay the costs of this Court.